Filed 10/9/23  P. v. Sherwood CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081142 |
| v. | (Super.Ct.No. FBV3726) |
| ROBIN LEE SHERWOOD, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Shannon L. Faherty, Judge.  Affirmed.

Robin Lee Sherwood, in pro. per.; and Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## I. INTRODUCTION

This is defendant and appellant Robin Lee Sherwood's second appeal from a postjudgment order denying his Penal Code[1] section 1172.6 (formerly section 1170.95)[2] petition for resentencing under the procedures established by Senate Bill Nos. 775 and 1437. Counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), requesting this court to conduct an independent review of the record. In addition, Sherwood has had an opportunity to file a supplemental brief with this court and has done so. Having considered Sherwood's supplemental brief in accordance with *Delgadillo*, we shall affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND[3]

The victim was shot at the front door of his residence. The police interviewed Vavao Faumui, who told them that he, Sherwood, and two other men went to the victim's residence to rob him. Sherwood, who was a former employee of the victim, believed that the victim kept a large amount of money in his safe at this residence. Faumui told the

---

[1] All future statutory references are to the Penal Code.

[2] Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6, with no substantive change in text. (Stats. 2022, ch. 58, § 10.)

[3] The factual background is taken from this court's nonpublished opinion in Sherwood's direct appeal, case No. E041930. (*People v. Sherwood* (Dec. 7, 2007, E041930) [nonpub. opn.] [2007 Cal.App.Unpub. Lexis 9900; 2007 WL 4285290] (*Sherwood I*).) These same facts were cited in Sherwood's prior postjudgment appeal, case No. E077239. (*People v. Sherwood* (Nov. 3, 2022, E077239) [nonpub. opn.] [2022 Cal.App.Unpub. Lexis 6703; 2022 WL 16643094] (*Sherwood II*).) We take judicial notice of our prior nonpublished opinions in case Nos. E041930 and E077239.

police that when the victim answered the door, Faumui wrestled with him. Then somebody shot the victim. The victim eventually died from his gunshot wounds.

The police also interviewed Sherwood. Sherwood said that the plan was to go to the victim's house and steal the safe, and that nobody was supposed to be home at the time. Sherwood said that he drove Faumui to the victim's house, dropped him off, and then parked across the street to act as a lookout in case the police came.

Sherwood was charged with several offenses and pled not guilty. His case went to trial on September 6, 2006. After a number of prosecution witnesses testified, Sherwood decided to change his plea. On September 13, 2006, he signed a plea form indicating that he was voluntarily pleading guilty because he was guilty, and for no other reason (i.e., there was no plea agreement with the prosecution). Sherwood pled guilty to first degree felony murder (§ 187, subd. (a)), attempted robbery (§§ 664/211), and burglary (§ 459), along with the special circumstance that the murder was committed during an attempted robbery and burglary (§ 190.2, subd. (a)(17)). He also admitted as true several prior prison terms (§ 667.5, subd. (b)) and prior conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) allegations. The court sentenced Sherwood to a total term of eight years plus life without the possibility of parole.

Sherwood subsequently appealed on the ground that complaints he had made against his attorney entitled him to a hearing under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). He also contested a $10,000 parole revocation fine imposed under

section 1202.45. This court concluded Sherwood was not entitled to a *Marsden* hearing but struck the fine and otherwise affirmed the judgment. (*Sherwood I*, *supra*, E041930.)

After the Legislature passed Senate Bill No. 1437 (Stats. 2018, ch. 1015), which (among other things) redefined felony murder, in May 2019, Sherwood filed a petition under former section 1170.95 claiming he was eligible to have his murder conviction vacated. The trial court determined Senate Bill No. 1437 was unconstitutional and struck the petition. Following an appeal, in case No. E073236, on June 16, 2020, this court reversed and remanded the matter directing the trial court to conduct a hearing on the merits of Sherwood's petition. (*People v. Sherwood* (June 16, 2020, E073236) [nonpub. opn.] [2020 Cal.App.Unpub. Lexis 3739; 2020 WL 3261455].)

An evidentiary hearing was held on May 28, 2021. Following the hearing, the trial court found defendant was a major participant in the crime and determined, beyond a reasonable doubt, that he could still be convicted of first degree murder under the law as amended. Sherwood again appealed, and on November 4, 2022, this court concluded that "the evidence was more than sufficient for the trial judge to find Sherwood was a major participant who acted with reckless indifference to human life" and affirmed the order denying Sherwood's section 1172.6 petition. We also rejected Sherwood's contention that the trial judge erred by admitting some exhibits restricted by the later passage of Senate Bill No. 775. We determined that "almost all the evidence the trial judge admitted remains permissible under the modified law. Though some items the trial judge admitted

4

could be used for only limited purposes, the trial judge denied Sherwood's petition based on other evidence." (*Sherwood II*, *supra*, E077239.)

After our affirmance, Sherwood filed a new section 1172.6 petition for resentencing on February 27, 2023. On that same date, the trial court denied the petition, noting, "[t]he petition is denied as it was denied previously by Judge Nakata on 05/28/2021 and confirmed on Appeal." Sherwood timely appealed.

## III. DISCUSSION

After defendant appealed, appointed appellate counsel filed a brief under the authority of *Delgadillo*, *supra*, 14 Cal.5th 216, setting forth a statement of the case and a summary of the procedural background and potential issue of whether Sherwood is entitled to a new evidentiary hearing following the passage of Senate Bill No. 775 and the opinion in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).) Counsel also requests that this court exercise our discretion to independently review the record to determine whether there are any arguable issues on appeal pursuant to *Delgadillo*.

We offered Sherwood an opportunity to file a personal supplemental brief, and he has done so. In his supplemental brief, Sherwood makes several claims relating to the underlying trial, his plea, and his sentence based on ineffective assistance of counsel and/or prosecutorial misconduct. He also argues the trial court erred by failing to adhere to the procedures established by section 1172.6 and in denying him relief.

5

A.  *Legal Background*

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.)  The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Delgadillo*, at p. 221.)

In *Delgadillo*, *supra*, 14 Cal.5th 216, the Supreme Court held that the *Wende* independent review procedure is not constitutionally required in an appeal from a postconviction order denying a section 1172.6 petition for resentencing because the denial does not implicate a defendant's constitutional right to counsel in a first appeal as of right. (*Delgadillo*, at pp. 222, 224-226.)  The court further found that general due process principles regarding fundamental fairness do not compel a *Wende* independent review of the record. (*Id*. at pp. 229-232.)  However, the court explained that if a no-issues brief is filed in a section 1172.6 appeal and the defendant then "files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id*. at p. 232.)  We are not required to conduct "an independent review of the entire record to identify unraised issues" but may do so at our discretion. (*Ibid*.  ["While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal."])

6

Senate Bill No. 1437 limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder to ensure a person's sentence is proportionate with his or her individual criminal culpability. (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843; *Lewis*, *supra*, 11 Cal.5th at pp. 957, 971.) Senate Bill 1437 did this by amending section 188, which defines malice, and section 189, which defines the degrees of murder and limits the circumstances under which a person may be convicted of felony murder. (Stats. 2018, ch. 1015, §§ 2 & 3.)

The Legislature also created a procedure for offenders previously convicted of felony murder or murder under the natural and probable consequences doctrine to seek retroactive relief if they could no longer be convicted of murder under the new law. (§ 1172.6, subd. (a); *Lewis*, *supra*, 11 Cal.5th at p. 959; *People v. Strong* (2022) 13 Cal.5th 698, 707-708.) Under subdivision (a), "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine . . . may file a petition" with the sentencing court to have his or her murder conviction vacated and to be resentenced on any remaining counts. (§ 1172.6, subd. (a).)

After receiving a petition containing the required information, "the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.'" (*Strong*, *supra*, 13 Cal.5th at p. 708, citing § 1172.6, subd. (c).) If the defendant makes a prima facie showing of entitlement to relief, the court must issue an order to show cause and hold an evidentiary hearing. (§ 1172.6, subds. (c), (d)(3).) "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its

reasons for doing so." (§ 1172.6, subd. (c).) A trial court's failure to follow the procedures enacted in section 1172.6 is analyzed for prejudice under the state law standard of *People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*). (*Lewis*, *supra*, 11 Cal.5th at pp. 973-974.)

A petitioner may file a successive petition under section 1172.6 if it is based on new legal authority. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 946-947, 950-951 (*Farfan*).) *Farfan* held the defendant in that case could file a successive petition because the California Supreme Court's ruling in *Lewis* and other published cases demonstrated the "still-evolving state of [former] section 1170.95 jurisprudence" such that a second petition would not be barred by collateral estoppel. (*Farfan*, at p. 950.)

B. *Analysis*

Here, although Sherwood could file a successive section 1172.6 petition, Sherwood cannot show that he was prejudiced by the trial court's summary denial of his second section 1172.6 petition. To demonstrate prejudice from the denial of a section 1172.6 petition before the issuance of an order to show cause, Sherwood must show it is reasonably probable that, absent the error, his petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; *Watson*, *supra*, 46 Cal.2d at p. 836.) The trial court held an evidentiary hearing on his first section 1172.6 petition following remand by this court in case No. E073236. Following the hearing, the trial court found Sherwood was a major participant in the crime and determined, beyond a reasonable doubt, that he could still be convicted of first

8

degree murder under the law as amended. Sherwood thereafter again appealed (case No. E077239), and in November 2022, this court concluded that "the evidence was more than sufficient for the trial judge to find Sherwood was a major participant who acted with reckless indifference to human life" and affirmed the order denying Sherwood's first section 1172.6 petition. We also rejected Sherwood's claim that the trial court erred by admitting some exhibits restricted by the later passage of Senate Bill No. 775. (*Sherwood II*, *supra*, E077239.) Sherwood has not shown the ruling on his first section 1172.6 petition was invalid.

Furthermore, under the doctrine of law of the case, a party may not seek appellate reconsideration of an already decided issue in the same case absent some significant change in circumstances. (*People v. Boyer* (2006) 38 Cal.4th 412, 441, superseded by statute on another ground.) We find no compelling change in circumstances here that would justify reconsidering such issues. (*Ibid.*) Moreover, Sherwood may not use the procedures set forth in section 1172.6 to relitigate his conviction, his sentence, guilty plea, or the underlying trial. Accordingly, we reject Sherwood's claims related to his guilty plea and the underlying trial.

The trial court correctly denied Sherwood's second section 1172.6 petition for resentencing.

9

## IV.  DISPOSITION

The order denying Sherwood's second section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON _____

J.

We concur:


RAMIREZ _____

P. J.


MENETREZ _____

J.